**In re Anonymous No. 55 D.B. 95**

Disciplinary Docket no. 55 D.B. 95.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

NIX, *Member,* March 19, 1996—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 7, 1995, petitioner filed a petition for discipline against respondent alleging that the respondent caused to be served a subpoena to produce documents ex parte before an attorney, a party or representative of a party.

On June 9, 1995, the matter was referred to Hearing Committee [    ], consisting of [    ] Esquire, chairperson and [    ], Esquire and [    ], Esquire, members.

On August 7, 1995, a disciplinary hearing was held.

On December 8, 1995, the disciplinary board denied a joint motion for consolidation of reinstatement and disciplinary proceeding.

The Hearing Committee filed its report on December 26, 1995, recommending a public censure.

The matter was adjudicated at the February 1, 1996, meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], Esquire, was born in 1947, was admitted to practice law in the Commonwealth of Pennsylvania in 1973, and his office is located at [    ]. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) Sometime prior to April 1, 1993, respondent was retained by [A] to represent her concerning a possible malpractice action against Dr. [B].

(4) On or about April 4, 1993, respondent caused to be delivered to Dr. [B's] office a document which appeared to be a subpoena from the Court of Common

Pleas of [ ] County, which stated that Dr. [B] was to appear at respondent's office on April 2, 1993, at 3:30 p.m. and to "bring with you the following: any and all records concerning [A], *i.e.,* prenatal, pre-admission, sonogram results, blood work, etc., and the [A] boy twins." A copy of such document was submitted to the committee as petitioner's exhibit 1-A.

(5) The subpoenas which respondent had served on Dr. [B's] office indicated that "IF YOU FAIL TO ATTEND OR TO PRODUCE THE DOCUMENTS OR THINGS REQUIRED BY THIS SUBPOENA, YOU MAY BE SUBJECT TO THE SANCTIONS AUTHORIZED BY RULE 234.5 OF THE PENNSYLVANIA RULES OF CIVIL PROCEDURE, INCLUDING BUT NOT LIMITED TO COSTS, ATTORNEY FEES AND IMPRISONMENT."

(6) Rule 234.1(b), Pa.R.C.P., provides that "a subpoena may be used to command a person to attend or to produce documents or things only at:

"(a) a trial or proceeding pending in the court, or

"(b) the taking of a deposition in an action or proceeding pending in the court."

(7) Rule 234.1(c), Pa.R.C.P., provides that "a subpoena may not be used to compel a person to appear or produce documents or things ex parte before an attorney, a party or representative of a party."

(8) At the time the subpoena was served on Dr. [B's] office, no civil action had yet been filed by [A] against Dr. [B].

(9) On the same day that this subpoena was served on Dr. [B's] office, Dr. [B's] receptionist, [C], delivered Dr. [B's] records to respondent's office.

(10) At the hearing before the committee, respondent admitted to the violations of the Rules of Professional Conduct set forth in the petition.

(11) As submitted by petitioner, the respondent has previously been subject to discipline for violations of the Rules of Professional Conduct, as follows:

(a) On May 30, 1991, respondent received a private reprimand for improper commingling of his own funds with entrusted funds.

(b) On March 10, 1992, respondent received a public censure for the unlawful possession of cocaine.

(c) On January 22, 1993, respondent received an informal admonition for conduct involving lack of diligence when representing a client, and failure to properly communicate with that client.

(d) By order of the Pennsylvania Supreme Court dated May 31, 1995, respondent was suspended from the practice of law for a period of three months, based upon his conviction for driving under the influence of alcohol.

### III. CONCLUSIONS OF LAW

(1) In using methods of obtaining evidence that violate legal rights of a third person, respondent has violated Rule of Professional Conduct 4.4.

(2) By engaging in conduct involving dishonesty, fraud, deceit and/or misrepresentation, respondent has violated Rule of Professional Conduct 8.4(c).

(3) By engaging in conduct that is prejudicial to the administration of justice, respondent has violated Rule of Professional Conduct 8.4(d).

### IV. DISCUSSION

The respondent has admitted to the essential facts set forth in the petition for discipline and to the violations

of the rules as already set forth. Therefore, the only issue before this board is the appropriate discipline to be imposed.

The board agrees with the Hearing Committee that the violations of the rules presented in this case, if viewed alone, do not warrant discipline more severe than a private reprimand. However, as noted in their report, the Hearing Committee stated that this is the fifth instance, within the past six years, where the respondent has come before the Disciplinary Board. Therefore, the Hearing Committee agreed to the more severe discipline of public censure that was recommended by petitioner.

This board agrees that a more severe discipline, particularly given that respondent is currently suspended from the practice of law, is warranted.

In *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981), respondent was disbarred for conduct involving false swearing. This was a more severe discipline based on the attorney's prior discipline which included a public censure and two private reprimands.

In *Office of Disciplinary Counsel v. Davis,* 532 Pa. 22, 614 A.2d 1116 (1992), an attorney's prior record of discipline, which included numerous informal admonitions and three suspensions, resulted in disbarment. In this case, the court stated that "[a] pattern of misconduct, including neglect of legal matters, counseling clients to undertake dishonest acts in court proceedings, deceitful use of an affidavit, and commingling of entrusted funds, warrant disbarment." *Id.* at 33, 614 A.2d at 1122.

In *In re Anonymous No. 40 D.B. 88,* 4 D.&C.4th 275 (1989), this Disciplinary Board found that the attorney's extensive disciplinary history of four informal

admonitions and a private reprimand warranted the imposition of a six month suspension. The particular conduct involved misrepresenting to a client, the status of the case. The Supreme Court, without opinion, ordered that the attorney be suspended from the practice of law for a period of two years.

This same attorney in *In re Anonymous No. 24 D.B. 89,* 8 D.&C.4th 207 (1990), was found to have again engaged in the neglect of a client's legal matter. This board stated that attorney had not recognized the gravity of his misconduct and was given a one year suspension to be served consecutive to the two year suspension that he received in the aforementioned matter.

It is clear that attorneys with prior disciplinary records are more subject to severe discipline than attorneys who do not have any record of prior discipline.

In the present case, the respondent's prior misconduct, except for his possession of cocaine and his conviction for driving under the influence, involve different types of misconduct. Further, while the conduct in question does not warrant disbarment, this board feels that a public censure is too lenient a discipline. This respondent has already been subjected to a public censure and a three month suspension as a result of his conviction for driving under the influence. Apparently, the respondent has not grasped the severity of his actions.

It is the opinion of this board that a suspension is warranted to impress upon the respondent the gravity of his misconduct, and the board believes that a six month suspension retroactive to August 31, 1995, is appropriate discipline.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that the respon-

dent, [   ], be suspended from the practice of law for a period of six months, retroactive to August 31, 1995.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this mater pursuant to Rule 208(g), Pa.R.D.E.

Board Member Lieber did not participate in the February 1, 1996 adjudication.

Board Member Friedman recused himself.

## ORDER

And now, April 24, 1996, upon consideration of the report and recommendations of the Disciplinary Board dated March 19, 1996, it is hereby ordered that [respondent], be and he is suspended from the bar of this Commonwealth for a period of six months, retroactive to August 31, 1995, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.